UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIAM HANKINS,

               Plaintiff,

                                       MEMORANDUM & ORDER
   -against-                    17-CV-07259(JS)(ARL)

NASSAU COUNTY JAIL, and NASSAU
COUNTY SHERIFF DEPARTMENT,

               Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     William Hankins, pro se
                    17000772
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:    No appearances.

SEYBERT, District Judge:

        On December 15, 2017, incarcerated pro se plaintiff William Hankins ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Jail (the "Jail"), and the Nassau County Sheriff's Department (the "Department" and together, "Defendants"), accompanied by an application to proceed in forma pauperis.

        Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, Plaintiff's Section 1983 claims against the Jail and the Department are DISMISSED WITH

PREJUDICE.

## THE COMPLAINT[1]

Plaintiff's Complaint is submitted on the Court's Section 1983 Complaint form and is brief. The Statement of Claim, in its entirety, alleges:

> I was housed in Nassau County Jail in housing unit E2F cell 41. It was raining outside and my cell was leaking real bad. They open the doors for showers I began to leave the cell, and before I got out I slipped and fell before I walked out of the cell. Due to the rain water dropping in the cell, the County Jail and Sheriff Dept are grossly negligent.

(Compl. ¶ IV.) In the space on the Complaint form that calls for a description of any claimed injuries, Plaintiff alleges that he has "lower back and neck pain" for which he has been given "2 different muscle relaxers and 2 different pain pills" but "none help at all." (Compl. ¶ IV.A.) For relief, Plaintiff requests "50 thousand dollars for negligence, physical pain and suffering." (Compl. ¶ V.)

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declarations in support of his application to proceed <u>in forma pauperis</u>, the Court finds that

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order. Excerpts from the Complaint as reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v.

3

Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

A. Claims Against the Jail and the Department

Plaintiff's Section 1983 claims against the Jail and the Department are not plausible because neither entity has independent legal identity. It is well-established that "under New York law,

4

departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); see also Hawkins v. Nassau Cty. Corr. Fac., 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011) (dismissing claims against Nassau County Jail because it is an "administrative arm[ ] . . . of the County of Nassau, and thus lacks the capacity to be sued as a separate entity") (internal quotation marks and citations omitted); Trahan v. Suffolk Cty. Corr. Fac., 12-CV-4353, 2012 WL 5904730, *3 (E.D.N.Y. Nov. 26, 2012) (dismissing claims against the Suffolk County Jail because it "is an administrative arm of Suffolk County, without an independent legal identity."). Thus, Plaintiff's Section 1983 claims against the Jail and the Department are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b). Given Plaintiff's pro se status and affording his Complaint a liberal construction, the Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, Nassau County, and finds that he has not for the reasons that follow.

1. Claims As Construed Against Nassau County

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory. See Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S.

5

658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690–691 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see Connick, 131 S. Ct. at 1359; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 131 S. Ct. at 1359; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of

6

senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Complaint a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County. Indeed, "[a] single incident in a complaint . . . does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (internal quotation marks and citation omitted). Accordingly, Plaintiff's Complaint, as construed against Nassau County does not allege a plausible Section 1983 claim.

C. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless

amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims against the Jail and the Department are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint against the Jail and the Department is DENIED. However, in an abundance of caution, Plaintiff is GRANTED leave to file an Amended Complaint in order to allege any valid claims he may have against the municipality, Nassau County, and/or any proper Defendant. Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear the same docket number as this Memorandum and Order ("M&O"), 17-CV-7259(JS)(ARL), and shall be filed within thirty (30) days from the date of this M&O. Plaintiff is cautioned that an Amended Complaint completely replaces the original. Therefore Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint.

Alternatively, given that it appears that Plaintiff seeks to pursue state law negligence claims against the Defendants, Plaintiff may pursue any such claims in state court rather than amend his Complaint in this Court.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Jail and the

Department for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Plaintiff is GRANTED LEAVE TO FILE AN AMENDED COMPLAINT IN ACCORDANCE WITH THIS M&O WITHIN THIRTY (30) DAYS FROM THE DATE AT THE BOTTOM OF THIS PAGE. Alternatively, Plaintiff may pursue his state law negligence claims in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June __6__, 2018
      Central Islip, New York